UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

DENNIS S. HERULA, MARY LEE CAPALBO (AKA MARY LEE CAPALBO HERULA), MARTIN D. FIFE, FAROUK A. KHAN, SEAVIEW DEVELOPMENT AND HOLDINGS, LTD., MICHAEL A. CLARKE, ROBERT M. WACHTEL, JOHAN C. HERTZOG, and, CHARLES W. SULLIVAN,

Defendants,

-and-

DAVID L. ULLOM,

Relief Defendant.

Case No. CA 02-154 ML

**SEC'S MOTION FOR MODIFICATION OF ASSET FREEZE TO PROVIDE FOR PAYMENTS TOWARDS DISGORGEMENT OBLIGATION OF DEFENDANT SEAVIEW DEVELOPMENT AND HOLDINGS LTD.**

The Securities and Exchange Commission ("SEC") hereby moves for modification as to Defendant Seaview Development and Holdings, Ltd. ("Seaview") of the Preliminary Injunction Order and Order Freezing Assets and Other Equitable Relief, dated May 8, 2002 and as amended, in this matter ( the "Asset Freeze") in order to provide for payments towards Seaview's disgorgement obligation . In support of this motion, the SEC states:

1. On June 19, 2003, the Court entered a default against Seaview pursuant to Fed. R. Civ. P. 55(a).

2. On April 12, 2005, the Court granted the SEC's motion for a default judgment against Seaview. Pursuant to the judgment, Seaview is liable for disgorgement of $2,225,410, plus prejudgment interest of $651,913.12, for a total obligation of $2,877,323.12.

3. As the Court pointed out in its Memorandum and Order dated April 12, 2005, "[f]rom the onset of litigation, Seaview has appeared to be a defunct corporation." Therefore, to partially satisfy Seaview's obligation, the SEC asserts that it will be necessary to have the banks, brokerage firms, and other financial institutions holding accounts in the name of Seaview deliver the funds in those accounts to the Registry of the Court.[1]

Accordingly, the SEC respectfully requests that the Court enter the attached order which would modify the Asset Freeze and provide that the frozen Seaview funds be paid into the Court Registry in partial satisfaction of Seaview's disgorgement obligations.

[1] It is the SEC's understanding that there are not sufficient funds in these accounts to fully satisfy Seaview's obligation; however, to the extent that more than $2,877,323.12 is transferred from these accounts to the Registry of the Court, the SEC will seek to have any excess funds returned to Seaview once a distribution is made in this matter.

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION,

By its attorneys,

Luke T. Cadigan (Mass Bar No. 561117)
Senior Trial Counsel
Bradford E. Ali (Mass. Bar No. 649541)
Senior Counsel
73 Tremont Street, Suite 600
Boston, MA 02108
(617) 573-8919 (Cadigan)
(617) 573-8903 (Ali)
(617) 424-5940 fax

Dated: June 1, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on June 1, 2005, I caused copies of the foregoing document to be served on defendants and/or counsel for defendants, all by first class mail at the addresses indicated below:

Counsel for Barbara Fife as Administrator for the Estate of Martin Fife

Donald S. Zakarin, Esq.
Pryor Cashman et al.
410 Park Avenue
New York NY 10022

Matthew F. Medeiros, Esq.
Little, Bulman et al.
72 Pine Street
Providence RI 02903

Defendant Charles W. Sullivan (*Pro Se*)
675 Third Avenue
New York, NY 10017

Defendant Farouk A. Khan (*Pro Se*)
225 Hockenbury Road
Hillsborough, NJ 08844

Luke T. Cadigan, Esq.