**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. CA 02-154 ML** |
| **DENNIS S. HERULA, *et al.*,** | ) | |
| **Defendants,** | ) | |

**THE SEC'S MOTION TO APPOINT A TAX ADMINISTRATOR**

The Securities and Exchange Commission ("SEC" or "Commission") respectfully requests that the Court enter an Order appointing Damasco & Associates, a certified public accounting firm located in San Francisco, California, as Tax Administrator to execute all income tax reporting requirements, including the preparation and filing of tax returns, with respect to funds under this Court's jurisdiction in this case.

By order dated December 6, 2004, the Court entered Final Judgment by Consent as to Relief Defendant David Ullom ("Ullom") pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Pursuant to the Final Judgment, on December 4, 2004, Ullom paid a total of $10,000 of disgorgement to the Clerk of this Court (the "Distribution Fund").

In addition, by order dated April 12, 2005, the Court entered Final Judgment by Default as to Defendant Seaview Development and Holdings, Ltd. ("Seaview") pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.[1] On June 7, 2005, the Court granted the Commission's

[1] The Court also entered Final Judgments by default against Dennis Herula on October 17, 2002 and Mary Lee Capalbo on January 27, 2003; the Commission's recovery on these judgments is subject to ongoing bankruptcy proceedings. The Court entered a Final Judgment by consent against the Estate of Martin Fife on December 30, 2005; the Commission's recovery on this judgment is subject to the ongoing settlement of the estate. The Court entered Final Judgments by default against Michael Clarke on June 10, 2003, Johan Hertzog on June 20, 2003, and Robert Wachtel on September 15, 2004.

motion to modify the asset freeze in this matter and to order institutions holding Seaview assets to send those funds to the registry. Pursuant to the Final Judgment and the Court's order dated June 7, 2005, $9,583.21 was transferred from Seaview's account at Chase Manhattan Bank to the Court Registry on 6/21/05, and $108,769.69 was transferred from Seaview's account at Bank of America on 8/9/05. These payments reflected partial payments of Seaview's disgorgement obligations. The funds collected from Ullom and Seaview (the "Distribution Fund") were deposited with the Court Registry in a non-interest-bearing account under the case name designation "*SEC v. Herula.*"

Upon the SEC's motion, the Court entered an Order dated March 27, 2006 ordering the Clerk of the Court to transfer the $128,352.90 in the Distribution Fund to a separate money market account at the Bank of America, 111 Westminster St., Providence, Rhode Island, 02903, to be held pending distribution.

The Distribution Fund now constitutes a Qualified Settlement Fund (QSF) under section 468B(g) of the Internal Revenue Code (IRC), 26 U.S.C. § 468B(g), and related regulations, 26 C.F.R. §§ 1.468B-1 through 1.468B-5. A Tax Administrator, on behalf of the Distribution Fund, should be appointed and authorized to take all necessary steps to enable the Distribution Fund to obtain and maintain the status of a taxable QSF, including the filing of all required elections and statements contemplated by those provisions. The Tax Administrator would cause the Distribution Fund to pay taxes in a manner consistent with treatment of the Distribution Fund as a QSF. The reasonable costs, fees, and other expenses incurred in the performance of the Tax Administrator's duties would be paid by the Distribution Fund in accordance with the agreement between the Commission and the Tax Administrator.

In summary, this agreement provides for compensation for services and expenses as follows:

| SERVICE | FUND STATUS | FIXED FEE |
|---|---|---|
| Current year income tax returns, including items 1-6 (below). | Funds with no tax liability | $1250 |
| Current year income tax returns, including items 1-6 (below). | Funds with tax liability | $1550 |
| Delinquent year income tax returns, including items 1-6 (below). | Funds with no tax liability. | $1350 |
| Delinquent year income tax returns, including items 1-6 (below). | Funds with tax liability. | $1650 |
| Loss Carryback (claim for refund) returns. | For all funds. | $550 |

Fixed fee tax compliance services include:[2]

1. Obtain a federal tax identification number ("FEIN") for the QSF.
2. Prepare and file federal and state income tax returns, as required.
3. Where required, calculate quarterly estimated tax payments and provide information to the Court so that payments may be made timely.
4. Make arrangements with the SEC or its agents to pay tax liability.
5. Calculate and recommend retention of a reserve, if necessary, for penalties and interest to be assessed as a result of any late filing of tax returns and late payment of taxes.
6. Determine and comply with tax reporting obligations of the QSF relating to distributions or payments to vendors, if applicable.

**WHEREFORE**, for all the foregoing reasons, the Commission respectfully requests that this Court enter the attached Proposed Order and grant such other relief as the Court deems just and proper.

[2] These fixed fees include all copying and routine postage expenses. They also include any internal expenses of the Tax Administrator in performing these services, such as facsimile fees and telephone charges. Expenses that are not included are expedited delivery fees (such as Federal Express) and other extraordinary costs, such as extended telephone conferences and reports. Additional tax compliance services and services for the administration of the QSF would be provided at the Commission's request and billed at the Tax Administrator's current rates discounted by 20%.

Respectfully submitted,

**SECURITIES AND EXCHANGE COMMISSION**

By its attorneys,

Luke T. Cadigan (Mass. Bar No. 561117)
Senior Trial Counsel
Bradford E. Ali (Mass. Bar No. 649541)
Senior Counsel
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110
Tel. No. (617) 573-8919 (Cadigan)
Fax No. (617) 573-4590

Dated: April 27, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2006, I caused copies of the foregoing document to be served on the following by first class mail at the addresses indicated below:

Defendant Charles W. Sullivan
675 Third Avenue
New York, NY 10017

Defendant Farouk A. Khan
224 Hockenberry Road
Hillsboro, NJ 08844

Luke T. Cadigan, Esq.