**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CA 02-154 ML** |
| **CHARLES W. SULLIVAN,** | ) | |
| **Defendant.** | ) | |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MEMORANDUM REGARDING DEFENDANT'S RIGHT TO TRIAL**

At the request of the Court, Plaintiff Securities and Exchange Commission ("SEC") submits this memorandum regarding Defendant Charles Sullivan's ("Defendant") right to a jury trial. The SEC submits that because the SEC is seeking civil penalties in this matter, the Defendant has the right to have a jury determine his liability.

Under the Seventh Amendment of the Constitution, a party has a right to a jury trial in an action brought by the government seeking civil penalties. *See Tull v. U.S.*, 481 U.S. 412, 420-22, 426-27 (1987); *see also* SEC's Proposed Jury Instructions, Source to Instruction No. 28 (citing same).[1] However, while such a party has the right to have a jury determine his liability on the legal claims against him, he is not entitled to have the jury determine the amount of the civil penalties, if any, to be assessed. The court determines the amount of the civil penalties, as well as the equitable remedies (*e.g.*, disgorgement, prejudgment interest, and an injunction) that should be imposed. *See Tull*, 481 U.S. at 425-26; *Rind*, 991 F.2d at 1493; *SEC v. Tome*, 833

[1] There is no such right where the government is seeking only disgorgement and/or an injunction. *See SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993); *SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 95-96 (2d Cir. 1978).

F.2d 1086, 1096 n.7 (2d Cir. 1987); *see also* 15 U.S.C. § 77t(d) (granting court jurisdiction to impose penalty); 15 U.S.C. § 78u(d)(3) (same).

Accordingly, the SEC submits that the Defendant is entitled to a have a jury determine whether he is liable for the securities violations alleged against him, but that the Court shall determine what, if any, equitable remedies and penalties should be imposed upon a finding of liability. The SEC has proposed jury instructions consistent with this position.

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION,

By its attorneys,

Luke T. Cadigan (Mass. Bar. No. 561117)
Senior Trial Counsel
Bradford E. Ali (Mass. Bar No. 649541)
Senior Counsel
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110
Tel. No. (617) 573-8919 (Cadigan)
Fax No. (617) 573-4590

Dated: April 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2006, I caused copies of the foregoing document to be served on the following at the addresses indicated below by the methods indicated:

Defendant Charles W. Sullivan
675 Third Avenue
New York, NY 10017
*(By Facsimile (212-983-3046) and First-Class Mail)*

Defendant Farouk A. Khan
224 Hockenberry Road
Hillsboro, NJ 08844
*(By First-Class Mail)*

Luke T. Cadigan, Esq.