**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CA 02-154 ML** |
| **CHARLES W. SULLIVAN,** | ) | |
| **Defendant.** | ) | |

# THE SEC'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE REGARDING PRIVATE SETTLEMENTS AND THIRD-PARTY PAYMENTS MADE PURUSANT TO SEC ORDER

The Securities and Exchange Commission ("SEC") hereby moves *in limine* to exclude testimony and other evidence regarding 1) settlements of private actions brought by investors and 2) payments made to investors as a result of the SEC's administrative action against Raymond James Financial Services, Inc. ("RJFS").

In his pretrial submission, defendant Charles Sullivan (the "Defendant") has suggested that he has no liability for that part of the alleged scheme that involved the investor Four Star Financial Services, LLC ("Four Star"). According to the Defendant, he settled a private lawsuit brought by Four Star against his company Commonwealth Management, Inc. ("Commonwealth") and "[t]he SEC does not have the right to revive a settled claim." *See* the Defendant's Statement of Facts dated April 6, 2006, at 4. The Defendant also has suggested that he should not have liability with respect to that part of the scheme involving the investor Robert Fitzhenry because the SEC has ordered RJFS to

pay approximately $7 million into a Fair Fund that will be distributed to Mr. Fitzhenry and another investor. *See id.* at 2.[1]

To succeed on its claims that the Defendant aided and abetted violations of the federal securities laws, the SEC needs to establish 1) that a securities law violation was committed; 2) that the Defendant was generally aware of the violation; and 3) that the Defendant rendered substantial assistance to the violation. *See Cleary v. Perfectune, Inc.*, 700 F.2d 774, 777 (1st Cir. 1983), *overruled on other grounds by Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164 (1994); *SEC v. Peretz*, 317 F. Supp.2d 58, 63 (D. Mass. 2004); *see also SEC v. Fehn*, 97 F.3d 1276, 1288 (9th Cir. 1996). The fact that the Defendant or others may have made payments to victims *after the violations were committed* has no bearing on the issue of whether violations were committed in the first place.

In *SEC v. First Jersey Sec., Inc.*, the Second Circuit reaffirmed that the settlement of a private action has no effect on a claim by the SEC that a defendant violated securities laws. *See* 101 F.3d 1450, 1475 (2d Cir. 1996). There, the defendants argued that disgorgement was not needed to reimburse defrauded customers because the defendants had settled an action brought by and on behalf of those customers. *See* 101 F.3d 1450 (2d Cir. 1996). The Second Circuit stated that this argument was "wide of the mark." *Id.* The court reasoned that "[s]ince disgorgement is a method of forcing a defendant to give up the amount by which he was unjustly enriched, it is unlike an award of damages and is neither foreclosed nor confined by an amount for which injured parties were willing to settle." *Id.* By the same token, the SEC's claim here is neither foreclosed nor confined

[1] Contrary to the Defendant's assertion, this distribution, which has yet to be made, will not make Mr. Fitzhenry substantially whole or even close to it.

by any settlements of private actions brought by investors or by payments made to investors as a result of the SEC's administrative action against RJFS. The Defendant cannot escape liability for his securities violations by making payments to investors after the fact or by relying on similar payments made by other violators.[2]

To the extent that such post-scheme payments have relevance, they have relevance only to in determining what relief should issue as a result of the violations. Because the Court (and not the jury) determines what relief should issue, evidence of post-conduct payments should not be introduced to the jury. *See Tull v. U.S.*, 481 U.S. 412, 425-26 (1987); *SEC v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993); *SEC v. Tome*, 833 F.2d 1086, 1096 n.7 (2d Cir. 1987).[3]

Accordingly, for the foregoing reasons, the SEC moves *in limine* to exclude testimony and other evidence regarding 1) settlements of private actions brought by investors and 2) payments made to investors as a result of the SEC's administrative action against RJFS.[4]

---

[2] Depending on how the Defendant intends to introduce evidence of private settlements, any such attempt is likely also prohibited by Fed. R. Evid. 408, which states in relevant part, "Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount."

[3] Although these post-conduct payments have no bearing on liability, they may be considered by the Court on the issue of disgorgement. *See First Jersey*, 101 F.2d at 1475 ("[a] settlement payment, may properly, however, be taken into account by the court in calculating the amount to be disgorged.") (emphasis added). Accordingly, the SEC's proposed disgorgement figures give the Defendant credit for amounts that he and other Brite Business principals returned to wronged investors, for amounts paid in private settlements, and for amounts paid as a result of the SEC's enforcement action against RJFS.

[4] The SEC has yet to receive the Defendant's list of proposed trial exhibits and therefore respectfully requests the opportunity to supplement this motion *in limine* or file additional ones after it has had the opportunity to see the evidence the Defendant intends to offer.

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION,

By its attorneys,

Luke T. Cadigan (Mass. Bar. No. 561117)
Senior Trial Counsel
Bradford E. Ali (Mass. Bar No. 649541)
Senior Counsel
33 Arch Street, 23rd Floor
Boston, Massachusetts 02110
Tel. No. (617) 573-8919 (Cadigan)
Fax No. (617) 573-4590

Dated: July 5, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on July 5, 2006, I caused copies of the foregoing Motion in Limine to be served on each of the defendants at the addresses indicated below and by the methods indicated for each:

Defendant Charles W. Sullivan (Pro Se)
675 Third Avenue
New York, NY 10017
(By Fax and First-Class Mail)

Defendant Farouk A. Khan (Pro Se)
224 Hockenberry Road
Hillsboro, NJ 08844
(By First-Class Mail)

Luke T. Cadigan