UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SECURITIES AND EXCHANGE COMMISSION

v. C.A. No. 02- 154 ML

DENNIS S. HERULA, et al

# DEFENDANT CHARLES SULLIVAN'S MOTION IN LIMINE

Charles W. Sullivan
Pro Se
675 Third Avenue
New York, New York 10017
Dated: July 5, 2006
212 983 3047

Defendant Charles W. Sullivan ("Sullivan") hereby moves this Court to exclude all evidence the Commission intends to offer other than the evidence relating to Messrs. Al Bloushi and Hamad. The other parties who loaned funds to Brite Business have been substantially repaid so that evidence relating to them is irrelevant and prejudicial to Defendant Sullivan.

Defendant Sullivan submits the attached Memorandum in support of this motion. Defendant Sullivan is available at whatever time the Court may order in the event the Court determines that oral argument on this motion is appropriate.

Respectfully submitted,

Charles W. Sullivan
Pro Se
675 Third Avenue
New York, New York 10017
Dated: July 5, 2006
212 983 3047

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

SECURITIES AND EXCHANGE COMMISSION

v. C.A. No. 02- 154 ML

DENNIS S. HERULA, et al

**DEFENDANT CHARLES SULLIVAN'S MEMORANDUM IN SUPPORT OF HIS MOTION IN LIMINE**

Charles W. Sullivan
Pro Se
675 Third Avenue
New York, New York 10017
Dated: July 5, 2006
212 983 3047

## Introduction

Defendant Charles W. Sullivan ("Sullivan") has moved this Court to enter an Order to exclude all evidence the Commission intends to offer other than the evidence relating to Messrs. Al Bloushi and Hamad. The other parties who loaned funds to Brite Business have been substantially repaid so that evidence relating to them is irrelevant and its admission would be prejudicial to Defendant Sullivan.

Pursuant to Federal Rules of Evidence 401, 402, and 403, this court should exclude the testimony and exhibits relating to all of the parties who loaned funds to Brite other than Messrs Al Bloushi and Hamad. Considerations of fairness require that the Commission be estopped from relying on evidence relating to parties who have been substantially repaid.

## Background.

This is an action brought under the federal securities laws. Default judgments have been entered against the primary defendants. Settlements have been achieved as to the other defendants and in all of the settled cases the Commission agreed to waive any civil penalty. In the Kahn case, the Commission has also agreed to waive any civil penalty.

**Argument: This Court should rebuff the SEC's effort to prejudice the jury with evidence as to parties who have been repaid**

The Commission successfully prosecuted a claim against Raymond James for its failure to adequately supervise the activities of Dennis Herula. Approximately $7,000,000 was obtained in that prosecution.

Attorney Luke Cadigan, who is the Commission's lead counsel in this proceeding advised the Administrative Judge that there were three parties who had not been repaid who should receive the $7,000,000 from the Fair Fund. Those parties that Mr. Cadigan himself said were the unpaid parties were:

1. Malcolm J. Monlezun
2. Rashed Al Bloushi
3. Robert Fitzhenry

The Administrative Judge awarded the funds to Mr. Monlezun and Mr. Fitzhenery's entity Rheume Holdings but nothing to Mr. Al Bloushi on the ground that Raymond James was not involved in the original transaction involving the transfer of funds from Al Bloushi to Brite.

Thus after four years of litigation, there are but two parties left standing: Defendant Sullivan and Mr. Al Bloushi.

Mr. Monlezun had never even heard of Sullivan until after this action was filed. See Monlezun Deposition Pg. 95, Lines 7-9 and Pg. 96, Lines 8-12, 17-21. It is a matter of public record in this very Court that Mr. Fitzhenry brought a private action against Mr. Fife and others concerning this transaction seeking a return of his funds. **Charles Sullivan was not named as a Defendant in that action.**

It is as evident as the fact that night follows the day that neither Monzelun or Fitzhenry were putting up funds because of any action on Sullivan's part.

Mr. Al Bloushi is the only party left who has not received a return of his funds. To admit into evidence documents relating to repaid parties will only serve to confuse the Jury. Responding to such irrelevant evidence will also unnecessarily prolong the trial. While the CVS facility near the Courthouse would certainly benefit from the visits of jurors purchasing No-Doz if the Court allows the Commission to introduce a plethora of irrelevant and prejudicial evidence, it would be unfair to allow the Commission to waste the valuable time of the Court and the jurors and to prejudice Sullivan's defense..

The SEC in its submissions has obviously forgotten that it has the burden of establishing that Sullivan violated any securities laws. The same ruling that the Administrative Law Judge made in Fitzhenry's favor that Al Bloushi could not collect from the Fair Fund because Raymond James had zero involvement with Al Bloushi's initial advance also applies to Sullivan.

Accordingly, for the foregoing reasons, Charles Sullivan moves ***in limine*** to exclude testimony and other evidence relating to Fitzhenry, Mozelun or the other parties who have been repaid.

Respectfully Submitted,

Charles W. Sullivan
Pro Se
675 Third Avenue
New York, New York 10017
Dated: July 5, 2006
212 983 3047

# Certificate of Service

I hereby certify that on July 5, 2006 I caused copied of Defendant Charles Sullivan's Motion ***In Limine*** to be served upon the parties below:

Securities Exchange Commission
33 Arch Street
Boston, Massachusetts 02110
( By Fax)

Defendant Farouk Khan
223 Hockenberry Road
Hillsboro, New Jersey 08844
(By US Mail)

Charles W. Sullivan