UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SECURITIES AND EXCHANGE
COMMISSION,

          Plaintiff,

      v.                                            C.A. No. 02-154-ML

DENNIS S. HERULA, et al.

          Defendants.

## ORDER

This matter is before the Court on Plaintiff's motion to modify the asset freeze as to Defendant, Estate of Martin D. Fife ("Estate"). Specifically, Plaintiff moves to (1) allow a sale of the Estate's one-half interest in commercial property ("property") located in California, and (2) allow distribution of the Estate's portion of the proceeds from the sale of the property to be paid for closing costs (approximately $3,820), a statutory legal fee ($25,000), and a statutory administratrix fee ($25,000), with the remaining net proceeds (approximately $20,000) to be paid to the Estate.

The purchaser of the one-half interest in the property is Howard Fife, the son of Martin D. Fife and the nephew of the other one-half owner of the property. The parties advise the Court that the property is unmarketable to anyone other than a member of the Fife family because of the fractional interest being sold, the large prepayment penalty under the existing loan, and the fixed income stream associated with the property. Howard Fife agreed to purchase the property for the net appraised value of the property and to assume the Estate's liability on the mortgage. The $1,200,000 sales price is made up of Howard Fife's assumption of the Estate's outstanding joint and several loan obligation on the property and a cash payment of $73,973.33. The California Superior Court has approved the sale.

The statutory legal and administratix's fees total $50,000, or approximately 68% of the cash proceeds from the sale of the property. Because the Court had concerns over the large fees sought in comparison to the net proceeds recognized on the sale of the property, the Court asked for additional briefing from the Plaintiff and the Court conducted its own research. In California,

> for ordinary services, the personal representative shall receive compensation based on the value of the estate accounted for by the personal representative, as follows:
> (1) Four percent on the first one hundred thousand dollars ($100,000).
> (2) Three percent on the next one hundred thousand dollars ($100,000).
> (3) Two percent on the next eight hundred thousand dollars ($800,000).
> (4) One percent on the next nine million dollars ($9,000,000).
> . . . .
> (b) For the purposes of this section, the value of the estate accounted for by the personal representative is the total amount of the appraisal value of property in the inventory . . . without reference to encumbrances or other obligations on estate property.[1]

Cal. Probate Code § 10800. The "personal representative and his attorney are entitled to statutory fees as a matter of right, and the fact that the estate is a simple one and the fees larger than would be adequate compensation for the work involved, does not affect the right to the full statutory compensation." Estate of Hilton, 44 Cal. App. 4th 890, 910, 52 Cal. Rptr. 2d 491, 504 (1996) (internal quotation marks and citation omitted).

Having now considered the representations of counsel and the pertinent California probate law, it is hereby ordered that:

The preliminary order and order freezing the assets and other equitable relief entered by this Court on May 8, 2002, and subsequently amended on December 5, 2002 and August 10, 2004, is further amended as follows:

---

[1] A similar statutory provision applies to "ordinary services" provided by the attorney for the personal representative. See Cal. Probate Code § 10810.

    1. The administratrix of the Estate shall be authorized to sell the Estate's interest in the property to Howard Fife for a total sales price of $1,200,000, with a cash payment of $73,973.33;

    2. The administratrix of the Estate shall be authorized to make payments from the cash payment of $73,973.33 for closing/recording costs (approximately $3,820), a statutory legal fee ($25,000) and a statutory administratrix fee ($25,000); and

    3. The administratrix of the Estate shall be authorized to deposit the net proceeds in an account in the name of the Estate for distribution in accordance with the amended petition on accounting and statement of proposed distributions.

SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
August 20, 2013.